O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK TRIPLETT,

Plaintiff,

v.

COUNTY OF ORANGE, et al.,

Defendants.

Case No. 8:25-cv-01956-KES

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

**I.**

**INTRODUCTION**

On February 2, 2026, Defendants County of Orange ("County") and County Sheriff Don Barnes ("Sheriff Barnes") (collectively, "Defendants") filed a motion to dismiss the complaint ("Complaint" at Dkt. 1-1) pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  (Dkt. 27.)  The Court granted the motion to dismiss and ordered Plaintiff Patrick Triplett ("Plaintiff") to file a First Amended Complaint ("FAC") by April 16, 2026.  (Dkt. 31.)  Plaintiff did not do so.  The Court then issued an order to show cause why this case should not be dismissed for lack of prosecution.  (Dkt. 32.)  Again, Plaintiff did not respond.  Accordingly, the Court DISMISSES this case with prejudice for failure to prosecute.

/ / /

1

## II.

## BRIEF FACTUAL BACKGROUND

In his Complaint, Plaintiff alleges that, on January 3, 2025, Orange County Sheriff's Department ("OCSD") officers "forcefully and intentionally handcuffed Plaintiff too tightly and kept [him] in such condition for hours without relief," causing "serious injuries, incurred pain, emotional distress, medical bills and loss of income." (Dkt. 1-1 at 3-4, ¶¶ 5, 13.) According to Plaintiff, this incident occurred at 30602 Santa Margarita Parkway in Rancho Santa Margarita, California, which is the address of a Target store. (Id. at 2, ¶ 1); see Fed. R. Evid. 201(b).

## III.

## PROCEDURAL HISTORY

In July 2025, Plaintiff, then represented by counsel, filed a complaint in the Orange County Superior Court ("OCSC") against: (1) County; (2) OSCD, a department of County; (3) Sheriff Barnes; and (4) Does 1 through 100. (Dkt. 1-1.)

On September 2, 2025, Defendants removed the case to U.S. District Court. (Dkt. 1.) Twice, the parties stipulated to extend the deadline for Defendants to respond to the Complaint, which the Court granted each time. (Dkt. 6, 7, 8, 12.) In the meantime, the parties a consented to the jurisdiction of the Magistrate Judge for all purposes. (Dkt. 9.)

On October 7, 2025, Plaintiff's attorney, Scott Meehan, filed a motion to withdraw as attorney. (Dkt. 10.) Plaintiff filed a notice of non-opposition and requested a 60-day "extension" to allow him time to find new counsel. (Dkt. 16.) The Court granted the motion to withdraw and set a deadline of January 5, 2026, for Plaintiff to obtain new counsel and file a Notice of Appearance. (Dkt. 19.)

On December 1, 2025, the parties filed two more stipulations extending the time for Defendants to respond to the Complaint, both of which the Court granted, ultimately setting a responsive filing due date of February 2, 2026. (Dkt. 21, 22, 24, 25.)

2

On January 4, 2026, Plaintiff filed a status report notifying the Court that he was still searching for new counsel but would be representing himself until then. (Dkt. 26.)

On February 2, 2026, Defendants moved to dismiss the Complaint under FRCP 12(b)(6). (Dkt. 27.) The next day, Plaintiff moved to strike the motion to dismiss, alleging a failure to meet and confer with him. (Dkt. 29.) The day after that, on February 4, 2026, the Court ordered Plaintiff to file an opposition by March 5, 2026, and cautioned him that failure to respond to the motion or request an extension before the deadline could result in a dismissal for failure to prosecute. (Dkt. 28.) On February 11, 2026, the Court denied Plaintiff's motion to strike Defendants' motion to dismiss. (Dkt. 30.) The motion to dismiss remained pending.

On March 18, 2026, the Court granted the unopposed motion and ordered Plaintiff to file a FAC by April 16, 2026. (Dkt. 31.) April 16 came and went without any filings from Plaintiff. On April 23, 2026, the Court issued an order to show cause, requiring Plaintiff to provide an explanation as to why this case should not be dismissed for lack of prosecution. (Dkt. 32.) He did not respond.

## IV.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule ("L.R.")[1] 41-1 explains that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may,

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

3

after notice, be dismissed for want of prosecution." L.R. 41-1.

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to FRCP 41(b) "operates as an adjudication on the merits."); L.R. 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice."); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things . . . [to] think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## V.

## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (citation modified).

4

The third factor is prejudice to the defendants.  A plaintiff's failure to prosecute creates a presumption of prejudice to the defendants.  Hernandez v. City of El Monte, 138 F.3d 393, 400-01 (9th Cir. 1998); see Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").  This case has been pending in federal court since September 2025, and the events underlying the Complaint occurred well over a year ago.  Defendants have stipulated to numerous extensions and complied with court orders.  Plaintiff, on the other hand, chose not to oppose Defendants' motion to dismiss and then neglected to file a FAC.  These ongoing delays as a result of Plaintiff's failure to follow court orders reinforce the presumption of prejudice to defendants.  Furthermore, to the Court's knowledge, the Doe defendants have not been identified, and it will only be more difficult to do so as time passes.  Therefore, the Court finds that this third factor tips in favor of dismissal.

The fourth factor is the availability of less drastic sanctions.  Plaintiff has not only failed to file an opposition to the motion to dismiss and a FAC, but also the Court gave Plaintiff an opportunity through an order to show cause to explain why the case should not be dismissed for lack of prosecution.  He failed to respond.  Additionally, the Court expressly warned Plaintiff in its order dated February 4, 2026, "If Plaintiff fails to respond to the Motion to Dismiss or request an extension before the [March 5, 2026] deadline, the Court may dismiss this lawsuit for failure to prosecute." (Dkt. 28 at 1.)  This was in bolded and underlined font so that it stood out on the page.  And yet, for whatever reason, Plaintiff appears to have abandoned this litigation.  As of the date of this order, it has been eleven days since the deadline for Plaintiff's response to the order to show cause.  Moreover, less drastic sanctions, i.e., monetary sanctions, "are not a viable alternative" here because, although Plaintiff paid the OCSC filing fee back in July 2025 when he was represented by counsel, he is now pro se and has been trying, unsuccessfully, for

5

months to obtain new counsel.[2]  See Dozier v. Astrue, No. 1:08-cv-01773, 2009 WL 902549, at *3, 2009 U.S. Dist. LEXIS 117927, at *5 (E.D. Cal. Nov. 23, 2009) (opting to dismiss the case rather than order monetary sanctions where the plaintiff is proceeding pro se and in forma pauperis).  A less drastic sanction than dismissal would thus be ineffective.  This factor, too, favors dismissal.

The fifth factor is the public policy favoring a disposition of an action on its merits, and that weighs against dismissal here.  Pagtalunan, 291 F.3d at 643 (citing Hernandez, 138 F.3d at 399).  However, it is outweighed by the other four factors favoring dismissal.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to FRCP 41(b) and L.R. 41-1.  The dismissal shall be with prejudice because Defendants successfully moved to dismiss and Plaintiff did not file an amended complaint.

## VI.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice.

DATED:  May 15, 2026

_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the Court's authority to take judicial notice, see Civil Case Access, Superior Ct. of Cal.: Cnty. of Orange, https://www.occourts.org/online-services/case-access/civil-case-access (last accessed May 14, 2026), and enter OCSC case no. 30-2025-01498149-CU-PO-NJC with filing year 2025 to display the Register of Actions showing that Plaintiff paid $435.00 on July 21, 2025. Fed. R. Evid. 201(b)(2), (c)(1).  Defendants paid this Court's filing fee of $405 upon removal on September 2, 2025.  (Dkt. 1.)  It is reasonable to presume that Plaintiff's financial situation has changed since almost a year of ongoing litigation, during which he has been unrepresented for a significant portion of time.